Gregory Valencia #124129
**Name and Prisoner/Booking Number**

ASP/Lewis/ Stiner
**Place of Confinement**

P.O. Box 70
**Mailing Address**

Buckeye, Az 85326
**City, State, Zip Code**

(Failure to notify the Court of your change of address may result in dismissal of this action.)

*[Handwritten note: Draft #1 copy Due 3/2]*

☒ FILED  ☐ LODGED

**Mar 27 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Gregory Valencia ,
**(Full Name of Plaintiff)**

Plaintiff,

v.

(1) Katie Hobbs ,
**(Full Name of Defendant)**

(2) Sal Frem ,

(3) Mina Mendez ,

(4) Susan Stodola ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-24-03433-PHX-SRB (JZB)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☒ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: Stiner Unit / Buckeye

Revised 12/1/23

1

**550/555**

1 | Defendants, Con't.
2 |
3 | (5) Louis Quinonez
4 |
5 | (6) Michael Johnson

1A

## B. DEFENDANTS

1. Name of first Defendant: Katie Hobbs. The first Defendant is employed as: Govenor (Position and Title) at State of Arizona (Institution).

2. Name of second Defendant: Sal Freni. The second Defendant is employed as: Quasi Parole Board member (Position and Title) at State of Arizona (Institution).

3. Name of third Defendant: Mina Mendez. The third Defendant is employed as: Chairperson of "Quas." Parole Board (Position and Title) at State of Arizona (Institution).

4. Name of fourth Defendant: Susan Stodola. The fourth Defendant is employed as: Member Quas.' Parole Board member (Position and Title) at Parole Board "Quasi." (Institution).

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

1  B. DEFENDANTS, CON'T.
2
3  5. Louis Quinonez
4     as Quasi Parole Board member          State of Arizona
5
6  6. Michael Johnson
7     as Quasi Parole Board member          State of Arizona

2A

## D.  CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: __Eighth Amendment__.

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: __Unlawful Board__

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   This Defendant, Katie Hobbs, is being sued in her individual capacity, and acted under color of law.

   This Defendant is governor of Arizona. One (1) of her duties is to appoint members of the Arizona Board of Executive Clemency. However, since Arizona has NO true Parole Board as of 1995, the Clemency Board also handles parole hearings. (EXHIBIT "A".)

   The statute (laws) states no more than two (2) members may come from the same professional discipline may be on the board at the same time. This Board has three (3) from the same discipline (law enforcement).

   This Defendant has the duty to remove one (1) of those members to conform to the statute. / Continued on page 3A

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Denial of parole / mental anguish

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☒ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☒ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. __There is NO grievance for denial of parole__

3

1  Count I, Con't.
2
3  Any inmate including Plaintiff that goes in
4  front of this illegal Board is being Denied
5  the true chance of parole.
6
7  It is the fault of this Defendant for NOT
8  insuring the membership of the Board is
9  Legal and conforms to the law, and is properly
10 trained.
11
12 See enclosed Notice to the Court, page 1,
13 lines 23-26; page 2, lines 1-4 for authority
14 to sue this Defendant.
15
16
17
18
19
20
21
22
23
24
25
26
27                             3A

## COUNT II

1. State the constitutional or other federal civil right that was violated: <u>Fifth and Fourteenth Amendments</u>.

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities         ☐ Mail            ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion   ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☒ Other: <u>Due Process</u>.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   These five Defendants, Mina Mendez, Susan Stodola, Sal Freni, Louis Quinonez, and Michael Johnson, are being sued in their individual capacities, and acted under color of law.

   These five (5) Defendants are members of Arizona Board of Executive Clemency who also act as a parole board since Arizona in 1995 did away with parole, except for the inmates who were sentenced prior to 1995 and given a chance for parole in their sentence.

   However, there is a major problem and that is their backgrounds. At least three (3) of them were in law enforcement. The statute ARS 31-401(B) states no more than two (2) members may come from the same professional discipline. That makes the Board "illegal". The three (3) members who were in law enforcement are - Sal Freni, who served in Phoenix Police Department for 30 years; Louis Quinonez, who served in federal law enforcement for 27 years and other agencies; (continued on page 4A)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   See Count I

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☐ Yes  ☒ No
   b. Did you submit a request for administrative relief on Count II?  ☐ Yes  ☒ No
   c. Did you appeal your request for relief on Count II to the highest level?  ☐ Yes  ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. <u>There is no grievance or appeal for denial of parole</u>.

4

1 Count II con't
2
3 and Michael Johnson, who served 21 years in the
4 Phoenix Police Department.
5
6 Even the Chair of the Board was a Judge pro tem
7 for ~~Maricopa County~~ Superior Court for (4) four years.
8
9 And Susan Stodola served 25 years as a probation
10 officer!
11
12 As a result, very few inmates are awarded
13 parole or ~~even~~ clemency.
14
15 The Board MUST be correctly filled
16
17 See EXHIBIT 'B' for case rulings on Due Process
18
19 Making an inmate confess to a crime he did NOT
20 do, so he will receive parole, is a due process
21 VIOLATION, as it also VIOLATES the protections
22 in the Fifth Amendment.
23
24 Just a note, Plaintiff's co-defendant put the blame
25 on him so he would get paroled. The co-defendant
26
27                              4A

1. was the actual shooter.

3. Therefore, the Board's request is actually moot.

5. Plaintiff did NOT shoot anyone; yet the
6. Board wants him to confess as the shooter!

8. The fifth Amendment allows anyone to NOT
9. testify against himself. But the five (5)
10. Defendants want him to ignore the right
11. and testify against himself for something
12. he did NOT do!

4B

## CONCLUSION

The members of the "Quasi" Parole Board need to be taught some Constitutional Amendments, especially those dealing with due process and cruel and unusual punishment. Those include the fifth, eighth, and fourteenth.

Their idea of forcing an inmate to confess to a crime they did NOT commit is a VIOLATION of the above Amendments, and even blackmail comes to mind.

Qualifications of the Board comes to mind. Per the statute, A.R.S. 31-401(C), members are trained for Clemency; NOT parole, as that was cancelled in 1995.

Plaintiff, and a few other inmates were sentenced PRIOR to 1995, and are entitled to be seen by a LEGAL parole board

One does NOT have to go on a second trial to obtain parole. The Board has to look at the prison record and determine if an inmate will follow the law. That is what is necessary. NOTHING MORE!

-5-

1. Since Plaintiff was a minor at the time of the
2. alleged crime; he has "grown" and due to the
3. U.S. Supreme Court, MUST be given a chance at
4. parole, as a form of release.
5.
6. However, Arizona has a habit of NOT
7. following U.S. Supreme Court rulings. It is NOW
8. the time they do.
9.
10. Plaintiff MUST be ~~paroled~~ RELEASED and NOW!

-5A-

### E. REQUEST FOR RELIEF

State the relief you are seeking:
Injunctive - To be seen by a LEGAL parole Board
NOT to have to violate Fifth Amendment and confess to a crime I did NOT do
Be given a chance for parole Release like his co-defendant

Compensatory - From ALL defendants combined - $10,000,000.00
Misc - filing fee, supplies, copies, postage

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2025
DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6

EXHIBIT A

Section
31–475. Right of transferred prisoner on release from prison outside this state.

ARTICLE 6. AGREEMENT ON DETAINERS
31–481. Agreement; authorization; contents
31–482. Matters pertaining to agreement.

ARTICLE 7. INTERSTATE CORRECTIONS COMPACT
31–491. Interstate corrections compact.
31–492. Powers of director.

*The heading of Chapter 3 was changed from "Pardons and Paroles" to "Executive Clemency" by Laws 1995, Ch. 199, § 8A, eff. July 13, 1995.*

**Termination under Sunset Law**

*The board of executive clemency shall terminate on July 1, 2025, unless continued. See §§ 41–3025.13 and 41–2955.*

*Title 31, Chapter 3, relating to executive clemency, is repealed on January 1, 2026, by § 41–3025.13.*

## ARTICLE 1. BOARD OF EXECUTIVE CLEMENCY

*The heading of Article 1 was changed from "Board of Pardons and Paroles" to "Board of Executive Clemency" by Laws 1995, Ch. 199, § 8B, eff. July 13, 1995.*

*For termination under Sunset Law, see italic note, ante.*

### § 31–401. Board of executive clemency; qualifications; appointment; officers; quorum; meeting

A. The board of executive clemency is established consisting of five members who are appointed by the governor pursuant to this subsection and § 38–211.

B. The members of the board shall serve on a full-time basis and receive compensation as determined pursuant to § 38–611, subsection A. Beginning from and after December 31, 2013, members of the board are eligible for any benefits that are provided to state employees pursuant to § 38–651. Each member shall be appointed on the basis of broad professional or educational qualifications and experience and shall have demonstrated an interest in the state's correctional program. No more than two members from the same professional discipline shall be members of the board at the same time.

C. Each member appointed to the board shall complete a four-week course relating to the duties and activities of the board. The course shall be designed and administered by the chairman of the board and shall be conducted by the office of the board of executive clemency and the office of the attorney general. The course shall include training in all statutes that pertain to the board and participation in a decision making workshop.

D. Members shall be appointed for a term of five years to expire on the third Monday in January of the appropriate year.

E. A member of the board may be removed by the governor for cause.

F. The governor shall select a member of the board as chairman. The chairman shall select other officers as are advisable. The term of the chairman is two years, except that the chairman may be removed as chairman at the pleasure of the governor. If a board member's term expires while the member is serving as chairman, the chair shall be deemed vacant and a new chairman shall be selected.

G. The board may adopt rules, not inconsistent with law, as it deems proper for the conduct of its business. The board may from time to time amend or change the rules and publish and distribute the rules as provided by the administrative procedures act.[1]

H. The board shall meet at least once a month at the state prison and at other times or places as the board deems necessary.

I. The presence of three members of the board constitutes a quorum, except that the chairman may designate that the presence of two members of the board constitutes a quorum.

J. If two members of the board constitute a quorum pursuant to subsection I of this section and the two members do not concur on the action under consideration, the chairman of the board, if the chairman is not one of the members who constituted the quorum and after reviewing the information considered by the two members, shall cast the deciding vote. If the chairman of the board is one of the two members constituting a quorum at a hearing under subsection I of this section, and there is not concurrence on the action under consideration, the action fails.

K. The board shall employ an executive director whose compensation shall be determined pursuant to § 38–611. The executive director serves at the

EXHIBIT B

DUE PROCESS CASE RULINGS

Blaylock v. Schwinden, 856 F.2d 107 (9th Cir. 1988)
"Substantive due process refers to certain actions that the government may NOT engage in, NO matter how many procedural safeguards it employs."

Weimer v. Amen, 870 F.2d 1400 (8th Cir. 1989)
"Cornerstone of due process is prevention of abusive governmental power."

Brown v. Nationsbank Corp, 188 F.3d 579 (5th Cir. 1999),
"The guarantee of due process protects citizens against deliberate harm from government officials."

U.S. v. Sanders 211 F.3d 711 (2nd Cir. 2000);
U.S. v. Guthrie 789 F.2d 356 (5th Cir. 1986);
U.S. v. Conkins, 987 F.2d 564 (9th Cir. 1993)
"For the government to punish a person because he had done what the law plainly allows him to do is a due process violation of the most basic sort."